UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
AUBREY L. THOMAS
ASSISTANT UNITED STATES TRUSTEE
JAMES W. ROSE, JR
TRIAL ATTORNEY
615 E. Houston, Rm. 533
San Antonio, TX 78205
Telephone: (210) 472-4640
Fax: (210) 472-4649
Email: james.rose@usdoj.gov

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § § | |
| LEGACY LOFTS ON ST. MARY'S, LLC, § § § § § | CASE NO. 22-51377-CAG CHAPTER 11 Hearing Date: Not Requested |
| DEBTOR. § | |

**MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS CASE OR CONVERT CASE**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty one (21) days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, KEVIN M. EPSTEIN, the United States Trustee for Region 7 ("U.S. Trustee"), through the undersigned counsel, pursuant to 11 U.S.C. § 1112 and respectfully moves for an order dismissing the case or converting the case and represents as follows:

## I. BACKGROUND FACTS

1. On December 5, 2022, Legacy Lofts on St. Mary's, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code commencing the above case. The Debtor designated the case as a single asset real estate case. The Debtor has operated as a debtor in possession since the filing of the case.

2. The Debtor has failed to file monthly operating reports for December 2022 and January 2023.

3. The U.S. Trustee alleges, upon information and belief, that the Debtor has not paid the U.S. Trustee quarterly fees due for the 4th quarter of 2022. The U.S. Trustee alleges the Debtor owes estimated quarterly fees of $250.00.

## II. THIS CASE SHOULD BE DISMISSED OR CONVERTED

4. Under section 1112(b) of the Bankruptcy Code, the Bankruptcy Court shall dismiss a case or convert a case to chapter 7, whichever is in the best interest of the creditors and the estate, if the movant establishes cause, unless the Court finds that a chapter 11 trustee or examiner is in the best interests of the creditors and the estate, or the Court finds and specifically identifies unusual circumstances that establish that conversion or dismissal of the case is not in the best interest of creditors and the estate. 11 U.S.C. § 1112(b).

5. The Debtor has failed to file monthly operating reports in this case. Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). Because monthly operating reports are the means by which the creditors, the Court, and the United States Trustee can monitor a debtor's post-petition operations,

the failure to file monthly operating reports by itself constitutes sufficient cause to warrant dismissal of this chapter 11 case or conversion to chapter 7. 11 U.S.C. § 1112(b)(4)(F); *Roma Group, Inc. v. Office of the United States Trustee* (*In re Roma Group, Inc.*), 165 B.R. 779, 780 (S.D.N.Y. 1994) (failure to file monthly operating reports "undermines the Chapter 11 process and constitutes cause for dismissal or conversion"); *In re Bacon*, 52 B.R. 52, 53-54 (Bankr. N.D. Iowa 1985) (failure to file monthly operating reports is sufficient "cause" to warrant dismissal of chapter 11 case because "creditors are not being provided the basic financial data necessary to make decisions regarding their best interests"). Without the reports, the Court, the U.S. Trustee, and creditors cannot know whether the Debtor is paying its debts as they come due or whether it is generating sufficient cash flow to fund a plan of reorganization.

6. Because the Debtor is not fulfilling the obligations as a chapter 11 debtor by filing monthly operating reports, the case should be dismissed or converted. 11 U.S.C. § 1112(b)(4)(F).

7. Because the Debtor has failed to timely pay quarterly fees for the 4th quarter of 2022, the case should be dismissed or converted. 11 U.S.C. § 1112(b)(4)(K).

8. Furthermore, the U.S. Trustee alleges there is cause to dismiss the case due to continuing diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). The U.S. Trustee further alleges upon information and belief that Debtor has failed to file a plan of reorganization or prosecute this case. The U.S. Trustee also alleges upon information and belief that the Debtor is continuing to incur administrative expenses in this case with no reasonable likelihood of rehabilitation. Therefore, there is cause to dismiss or convert the case.

9. The U.S. Trustee alleges upon information and belief that there is no equity in the Debtor's real property and that dismissal, rather than conversion, is in the best interests of creditors.

The Debtor does not appear to have any unencumbered assets available for the payment of unsecured claims in a hypothetical Chapter 7 case.

10. If the case is dismissed, the U.S. Trustee requests that the order dismissing the case provide for payment of any quarterly fees owed to the U.S. Trustee. 28 U.S.C. § 1930.

WHEREFORE, the U.S. Trustee prays that the Court enter an order dismissing or converting the case and for any and all further relief as is equitable and just.

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7
Southern and Western Districts of Texas

By: /s/James W. Rose, Jr.
James W. Rose, Jr.
Trial Attorney
Texas Bar No. 17251900
615 E. Houston St., Room 533
San Antonio, TX 78205
(210) 472-4646
(210) 472-4649 Fax
James.Rose@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION OF THE UNITED STATES TRUSTEE DISMISS CASE OR CONVERT CASE, was served upon the parties on the attached service by United States Mail, first class, postage prepaid, and/or by electronic means for all Pacer system participants on this the 20th day of March 2023.

/s/ James W. Rose, Jr.
James W. Rose, Jr.
Trial Attorney

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-5<br>Case 22-51377-cag<br>Western District of Texas<br>San Antonio<br>Mon Mar 20 07:54:14 CDT 2023 | Legacy Lofts on St. Mary's, LLC<br>1827 N St. Mary's St<br>San Antonio, TX 78212-4541 | U.S. BANKRUPTCY COURT<br>615 E. HOUSTON STREET, ROOM 597<br>SAN ANTONIO, TX 78205-2055 |
| BRMK Lending, LLC c/o Broadmark Mgmt Grp<br>1420 Fifth Ave - Ste. 2000<br>Seattle, WA 98101-1348 | BRMK Lending, LLC c/o Macy D. Smith<br>Munsch, Hardt, Kopf & Harr, P.C<br>500 N. Akard St. - Ste. 3800<br>Dallas, TX 75201-6659 | (p)LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>ATTN DON STECKER<br>112 E PECAN<br>SUITE 2200<br>SAN ANTONIO TX 78205-1588 |
| David Huffman<br>3626 John Sims Rd<br>Chattanooga, TN 37412-1810 | Edward P. Cano, Esq.<br>201 W. Poplar St.<br>San Antonio, TX 78212-5549 | Ernest Gonzales, Jr.<br>5706 Bogart<br>San Antonio, Tx 78240-2301 |
| Ernest Gonzales, Jr. Co-Adm Est of Alice Gon<br>5706 Bogart<br>San Antonio, Tx 78240-2301 | Estate of Alice Gonzales, deceased and Ernes<br>c/o Martin Seidler<br>11107 Wurzbach, Suite 504<br>San Antonio, Texas 78230-2581 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Lester Gonzales<br>16922 Mandolino Lane<br>San Antonio, Tx 78266-1711 | Michael V. Malone, Esq.<br>110 Sprucewood Lane<br>San Antonio, TX 78216-6739 | Mike Warren<br>206 E. Locust Street<br>San Antonio, TX 78212-3954 |
| Twenty Fifteen Restaurant Group, Inc.<br>1539 South Mason Road, #88<br>Katy, TX 77450-4559 | United States Attorney<br>Taxpayer Division<br>601 N.W. Loop 410 Suite 600<br>San Antonio, TX 78216-5512 | United States Attorney General<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001 |
| United States Trustee - SA12<br>US Trustee's Office<br>615 E Houston, Suite 533<br>San Antonio, TX 78295-1601 | Allen M. DeBard<br>Langley & Banack, Inc.<br>745 E Mulberry Ave, Suite 700<br>San Antonio, TX 78212-3172 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bexar County<br>c/o Don Stecker<br>112 E. Pecan Street, Suite 2200<br>San Antonio, TX 78205 | (d)Bexar County<br>c/o Don Stecker<br>112 E. Pecan Street, Suite 2200<br>San Antonio, TX 78205 | End of Label Matrix<br>Mailable recipients 19<br>Bypassed recipients 0<br>Total 19 |